No. 66,651

IN THE MATTER OF DAVID R. GILMAN, *Respondent.*

(821 P.2d 327)

Opinion filed December 6, 1991.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for the petitioner.

*David R. Gilman* appeared pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the disciplinary administrator against David R. Gilman of Overland Park, Kansas, an attorney admitted to practice law in Kansas. The facts, as determined by a hearing panel of the Kansas Board for Discipline of Attorneys, are not disputed.

Gilman was employed to represent a client in a DUI case in the District Court of Franklin County, Kansas. At a pretrial conference, Gilman agreed to a trial date of March 9, 1990, at 9 a.m.

After the Franklin County trial was scheduled, Gilman received notice that another client's DUI trial was scheduled for the same morning in Johnson County. Gilman did not seek a continuance of either case. Gilman spoke to his client, who was scheduled for trial in Franklin County, the night before the trial was to start and confirmed the time and date of the Franklin County trial.

When the Franklin County trial was ready to begin, Gilman did not appear. His client, the prosecutor, three witnesses, and an out-of-county district court judge were present and ready for trial.

The trial judge in Franklin County made a series of telephone calls trying to ascertain Gilman's whereabouts. Gilman did call his office to request that the clerk's office in Franklin County be notified he was delayed. Gilman, however, did not directly contact the trial judge in Franklin County the day the trial was scheduled (Friday). He did not attempt to contact the trial judge during the weekend.

The Franklin County trial judge attempted to contact Gilman again the following Monday. Gilman finally contacted the judge at three o'clock in the afternoon on Monday, March 12, 1990.

The DUI case in Franklin County subsequently was heard by a different judge, and the defendant was convicted. Gilman failed to appear for the sentencing hearing and offered no explanation for his nonappearance. Gilman's client was not prejudiced by Gilman's failure to appear because the prosecutor advised the trial court of a trial error that resulted in a mistrial. Thereafter, Gilman appeared and the case was concluded.

The panel found Gilman violated Model Rules of Professional Conduct (MRPC) 1.3 (1991 Kan. Ct. R. Annot. 232) because he failed to act with reasonable diligence and promptness in representing a client; MRPC 1.4 (1991 Kan. Ct. R. Annot. 234) because he did not keep his client reasonably informed and he misinformed his client; and MRPC 8.4(d) and (g) (1991 Kan. Ct. R. Annot. 308) because his conduct was prejudicial to the administration of justice and reflected adversely on his fitness to practice law.

The panel recommended that Gilman be disciplined by public censure pursuant to Rule 203(a)(3) (1991 Kan. Ct. R. Annot. 143).

In mitigation, Gilman has computerized his law office and has submitted, in writing, procedures he has implemented voluntarily to eliminate further docket problems.

Gilman did not file exceptions to the panel report. He appeared personally before this court and, as he has at each level of the proceeding, apologized for his behavior.

Based on the record, we agree with and adopt the panel's conclusions and recommendations.

IT IS, THEREFORE, ORDERED that David R. Gilman be, and he is, hereby publicly censured for his previously enumerated violations of the rules of professional conduct.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and that the costs herein be assessed to the respondent, David R. Gilman.